OPINION
{ ¶ 1} Plaintiff-appellant, Sylvester Johnson, appeals from a judgment of the Court of Claims of Ohio that granted summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). Because the trial court improperly granted summary judgment in favor of ODRC, we reverse the judgment of the Court of Claims.
{ ¶ 2} Since 1990 plaintiff has had severe psoriasis for which medication had been prescribed to relieve the symptoms of this condition. On October 17, 2000, plaintiff [D1] was convicted of a probation violation in the Hamilton County Court of Common Pleas and was sentenced to a term of imprisonment. While plaintiff was incarcerated at the Hamilton County jail, a family member brought plaintiff's medications to the jail and the jail's medical staff administered these medications to plaintiff. On October 31, 2000, plaintiff was transferred from the Hamilton County jail to ODRC's custody at the Orient Correctional Institution in Orient, Ohio.
{ ¶ 3} At some point after arriving at the Orient Correctional Institution, plaintiff was brought to a "hospital type facility" at the corrections center. While plaintiff was in a "hospital type room," he apparently informed ODRC's representative of his psoriatic condition and medication regimen and inquired as to whether his prescribed medication had been forwarded. ODRS's representative responded that, even though plaintiff's medication would be sent from the Hamilton County jail, ODRC prescribed its own medication.
{ ¶ 4} Following this exchange, plaintiff did not receive any medication for his psoriasis and began to experience symptoms, which purportedly included red, dry eyes; body rash; severe and persistent itching; bleeding from the rash site; swelling of his feet; and painful fingernail breakage. Plaintiff later complained about the lack of medication to other ODRC staff members, namely, guards, a caseworker, and a mental health manager. Plaintiff's complaints, however, were ignored.
{ ¶ 5} At one point plaintiff was sent to the prison clinic. At the clinic, a woman looked at plaintiff's arms and legs. According to plaintiff, no medication was administered to him at that time and he was instructed by this woman to return to his cell and shower. During his approximately 30-day stay at the Orient Correctional Institution, no medication for his psoriatic condition was administered to him.
{ ¶ 6} In December 2000, plaintiff was transferred to the Pickaway Correctional Institution. While he was incarcerated at the Pickaway Correctional Institution, plaintiff's condition worsened to such an extent that hospitalization was required. Plaintiff remained hospitalized until shortly before his release from custody on March 2, 2001.
{ ¶ 7} On December 30, 2004, in a re-filed action,[1] claiming that ODRC breached a duty of care because it failed to provide proper medication to plaintiff while he was in ODRC's custody, plaintiff sued ODRC. Contending that plaintiff's cause of action constituted a medical negligence claim, ODRC moved for summary judgment on grounds that ODRC's action was not filed within the requisite statute of limitations that governed medical malpractice actions.
{ ¶ 8} Finding, among other things, that plaintiff's claim was based on a lack or omission of care and, therefore, was a medical claim, that ODRC properly could be considered a "hospital" under the relevant statute, and that plaintiff failed to timely file his cause of action within the time period allowed by law, the trial court granted ODRC's motion for summary judgment.
{ ¶ 9} From the Court of Claims' judgment, plaintiff now appeals. Plaintiff assigns a single error for our consideration: "The court erred to the prejudice of Plaintiff-Appellant when it granted Defendant-Appellee summary judgment."
{ ¶ 10} Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield JournalCo., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981),452 U.S. 962, 101 S.Ct. 3111. Because summary judgment is a procedural device to terminate litigation, it must be awarded with caution.Ormet Primary Aluminum Corp. v. Employers Ins. of Wausau (2000),88 Ohio St.3d 292, 300, citing Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
{ ¶ 11} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183.
{ ¶ 12} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher, at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421,430; Civ.R. 56(E).
{ ¶ 13} In the present case, finding, among other things, that plaintiff's claim was based on a lack or omission of care, and that ODRC properly could be considered a "hospital" under the relevant statute, the trial court construed plaintiff's cause of action as a medical claim. Agreeing with ODRC's contention regarding the accrual date of plaintiff's medical claim, the trial court also found that plaintiff's medical claim accrued, at the latest, upon plaintiff's release from custody on March 2, 2001.
{ ¶ 14} Former R.C. 2305.11(B)(1)[2] provided, in part:
 Subject to division (B)(2) of this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possessed a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
 { ¶ 15} Under former R.C. 2305.11(D)(3), the term "medical claim" was statutorily defined in the following manner:
 "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person.
 { ¶ 16} Former R.C. 2305.11(D)(1) defined the term "hospital" as follows:
 "Hospital" includes any person, corporation, association, board, or authority that is responsible for the operation of any hospital licensed or registered in the state, including, but not limited to, those which are owned or operated by the state, political subdivisions, any person, any corporation, or any combination thereof. "Hospital" also includes any person, corporation, association, board, entity, or authority that is responsible for the operation of any clinic that employs a fulltime staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals. "Hospital" does not include any hospital operated by the government of the United States or any of its branches.
 { ¶ 17} In the present case, the sole defendant in this action is ODRC as an entity. In its decision, the trial court determined:
 It is clear that defendant can be properly defined as a "hospital" as that term is defined in R.C. 2305.113. In this case, defendant employs physicians and medical support staff in its clinics. Thus, plaintiff has made a claim against a "hospital" for purposes of R.C. 2305.113(E).
(Decision, at 3.)[3] However, the evidence does not support the trial court's determination that ODRC can be properly defined as a "hospital" for purposes of former R.C. 2305.11(D)(1).
{ ¶ 18} Here, claiming that plaintiff's cause of action constituted a medical claim and moving for summary judgment on a theory that plaintiff failed to state a claim upon which relief may be granted, ODRC as the moving party, had the burden of establishing that it was a "hospital" under former R.C. 2305.11(D)(1). Under former R.C. 2305.11(D)(1), for ODRC properly to have been considered a "hospital," ODRC must have been an authority that is responsible for the operation of any hospital licensed or registered in the state, or ODRC must have been responsible for operating a clinic that employed a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals. In the present case, however, in support of its motion for summary judgment, ODRC failed to proffer any evidence of the kind required by Civ.R. 56(C) establishing that ODRC properly satisfied the statutory definition of "hospital" as defined in former R.C. 2305.11(D)(1). Therefore, we find that the trial court erred to the prejudice of plaintiff by concluding that ODRC constituted a "hospital" as defined in former R.C.2305.11(D)(1).
{ ¶ 19} Moreover, ODRC's contentions that plaintiff fails to make a prima facie case of medical malpractice for lack of an expert opinion, and that plaintiff's complaint is untimely, are inapposite. Here, because ODRC failed to support its burden in support of its motion for summary judgment, plaintiff was not required to respond with facts showing a genuine issue exists for trial. See Castrataro v. Urban (Mar. 7, 2000), Franklin App. No. 99AP-219 (stating that "[b]ecause defendants failed to utilize evidence under Civ.R. 569(C) supporting their contention that they are entitled to judgment, plaintiff was not required to respond with facts showing a genuine issue exists for trial"); Dresher, supra, at 293 (stating that "[i]f the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied").
{ ¶ 20} For the foregoing reasons, we agree with plaintiff that the trial court erred to the prejudice of plaintiff when it granted summary judgment in favor of ODRC. Therefore, we sustain plaintiff's sole assignment of error and reverse the judgment of the Court of Claims of Ohio. Furthermore, we remand the matter to that court for further proceedings in accordance with law, and consistent with this opinion.
Judgment reversed; cause remanded.
SADLER and McGRATH, JJ., concur.
[1] On October 29, 2002, plaintiff originally sued ODRC in Court of Claims case No. 2002-09650. The matter apparently was later dismissed without prejudice in December 2003. (Plaintiff's complaint, filed December 30, 2004.)
[2] At the time that plaintiff's medical claim accrued, R.C. 2305.11, as amended by Am. Sub. H.B. No. 350, 146 Ohio Laws, Part II, 3867, had been in effect since January 27, 1997. However, in State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, reconsideration denied, 87 Ohio St.3d 1409, the Supreme Court of Ohio held that Am. Sub. H.B. No. 350 was unconstitutional in toto. Id. at paragraph three of the syllabus; see, also, id. at paragraph two of the syllabus. Accordingly, because Sheward found that Am. Sub. H.B. No. 350 was unconstitutional in toto, and because R.C. 2305.11 was not subsequently amended until after plaintiff's medical claim accrued, we therefore apply the version of R.C. 2305.11 that was in effect prior to the amendments of Am. Sub. H.B. No. 350.
[3] In its decision, instead of applying former R.C. 2305.11, the Court of Claims incorrectly applied R.C. 2305.113. R.C. 2305.113 became effective on April 11, 2003, after plaintiff's medical claim accrued. See, generally, Am. Sub. S.B. No. 281, 149 Ohio Laws, Part II, 3791.