[Cite as *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-7060.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SYLVESTER JOHNSON

  Plaintiff

  v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

  Defendant
  Case No. 2004-11040

Judge J. Craig Wright
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶ 1}  On September 23, 2009, the magistrate issued a decision recommending judgment for defendant.

{¶ 2}  Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed."  Plaintiff timely filed an objection on October 7, 2009, and defendant timely filed an objection on October 19, 2009.

{¶ 3}  Plaintiff alleges that defendant was negligent in failing to provide him proper prescription medication to treat his psoriasis and that, as a result, he experienced severe symptoms of that disease while in defendant's custody.  The magistrate found that to the extent plaintiff's claim concerns "the professional skill and judgment used by the physicians who treated him," plaintiff asserts a medical

malpractice claim that requires the introduction of expert testimony both to establish the requisite standard of care and to show that defendant's employees deviated from that standard of care. The magistrate further found that "[b]ased upon the totality of the evidence, as well as plaintiff's failure to introduce expert testimony, * * * plaintiff has failed to prove his claim of negligence by a preponderance of the evidence."

{¶ 4} In his objection, plaintiff argues that the magistrate erred in finding that his claim is one for medical malpractice. Plaintiff asserts that at a prior juncture in this matter, the Tenth District Court of Appeals held that his allegations do not constitute such a claim. See *Johnson v. Dept. of Rehab. & Corr.*, Franklin App. No. 06AP-196, 2006-Ohio-6432. However, *Johnson* did not address whether plaintiff's claim is one for medical malpractice; instead, it pertained to whether defendant showed at the summary judgment stage that it is a "hospital" for the purposes of former R.C. 2305.11, which required that "medical claims" against, inter alia, hospitals be brought within one year after accrual. The appellate court merely held that due to defendant's failure to establish that it met the statutory definition of "hospital," it was not entitled to summary judgment under former R.C. 2305.11. Accordingly, the magistrate was not precluded under *Johnson* from finding that plaintiff asserts a medical malpractice claim.

{¶ 5} Defendant argues in its objection that the magistrate erred in not concluding that plaintiff's claim is time-barred under former R.C. 2305.11. Upon review, defendant's objection is not well-taken.

{¶ 6} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
J. CRAIG WRIGHT
Judge

cc:

Emily M. Simmons                James R. Rimedio
Naomi H. Maletz                 P.O. Box 11358
Assistant Attorneys General     Cincinnati, Ohio 45211
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Roger C. Stridsberg
7280 Royalgreen Drive
Cincinnati, Ohio 45244-3525

RCV/cmd
Filed December 14, 2009
To S.C. reporter December 29, 2009