OPINION
{¶ 1} Between May 22, 2003 and June 6, 2003, appellant, Cynthia Sliger, required nursing care following a surgery that left an open wound. Appellee, Stark County Visiting Nurse Service Hospice, aka Visiting Nurse Health Care Systems of Stark County, Inc., sent an employee to appellant's home to provide Nugauze on the wound. Instead, the employee applied a liquid gauze wrapping containing iodine. Appellant was allergic to the iodine and experienced a severe allergic reaction. As a result, appellant suffered pain and scarring to her chest.
 {¶ 2} On May 19, 2005, appellant, together with her husband, Jack Sliger, filed a complaint against appellee and Visiting Nurse Service, Inc. Affiliates, claiming negligence and loss of consortium.
 {¶ 3} On June 20, 2005, appellees filed a motion for summary judgment arguing appellants' claims were barred under the one year statute of limitations for medical malpractice claims (R.C.2305.113). On July 8, 2005, appellants filed a memorandum in opposition arguing appellees did not fall under the protected class of the statute and therefore their claims were subject to the two year statute of limitations for personal injury claims (R.C. 2305.10). In the alternative, appellants requested a continuance in order to obtain discovery. On July 26, 2005, the trial court set a discovery cutoff date for December 1, 2005. However, by judgment entry filed August 5, 2005, the trial court agreed with appellees' arguments and granted their motion for summary judgment.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 I {¶ 6} Appellants claim the trial court erred in granting summary judgment to appellees. We agree based upon the fact that the decision was premature given the state of the record.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} In granting summary judgment to appellees, the trial court found appellants' claims were barred under the one year statute of limitations for medical malpractice claims. Appellants argue their claims are not medical malpractice claims because appellees do not qualify under any of the enumerated categories for medical providers contained in R.C. 2305.113(E)(3) which states the following in pertinent part:
 {¶ 11} "`Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person."
 {¶ 12} We will first discuss the nature of the complaint filed sub judice. The complaint describes the services rendered by appellees through their employee for "post surgical care." See, May 19, 2005 Complaint at ¶ 3. As a result of appellees' failure to follow the physician's orders, appellant was injured by the use of an inappropriate dressing applied to her surgical wound. Id. at ¶ 5. Nowhere in the complaint is the employee identified as a "licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, [or] physician assistant nurse."
 {¶ 13} In concurrence with the reasoning of Balascoe v. St.Elizabeth Hospital Medical Center (1996), 110 Ohio App.3d 83,86, wherein our brethren from the Seventh District, quoting then R.C. 2305.11(D)(3), now R.C. 2305.113(E)(3)(a), held a medical claim must arise "directly from the `medical diagnosis, care or treatment'" of a person, we find the rendering of post surgical care requiring the application of a surgical dressing to an open wound constitutes medical treatment.
 {¶ 14} The next issue for review is whether appellees fall under the categories designated in R.C. 2305.113(E)(3) cited supra. The complaint alleges appellees' employee caused the injury to appellant. If that employee is a "licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, [or] physician assistant," then the action is a medical claim under R.C. 2305.113. Under the theory of respondeat superior, a corporation is liable for the negligent acts of its employees. Therefore, appellees would be defending a medical claim which arose because of the negligence of its "licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, [or] physician assistant nurse." We concur with appellees' observation that corporations which employ physicians are responsible under the doctrine of respondeat superior and are included in the statutory definition. Appellees' Brief at 8.
 {¶ 15} However, because this matter was raised prior to any discovery, we find the record does not enlighten us as to the professional designation of appellees' employee. One might assume that an employee of appellees is a nurse, but such a quantum leap is not appropriate without further discovery.
 {¶ 16} Upon review, we conclude the trial court's granting of the motion for summary judgment was premature.
 {¶ 17} The sole assignment of error is granted.
 {¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.