OPINION
{¶ 1} Plaintiffs Cynthia and Jack Sliger appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Stark County Visiting Nurses Services Hospice, aka Visiting Nurse Healthcare Systems of Stark County, Inc. and Visiting Nurses, Inc. Affiliates. Appellants assign a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 3} Appellants' statement pursuant to Loc. R. 9 asserts the summary judgment is inappropriate as a matter of law on the undisputed facts.
 {¶ 4} In its judgment entry of June 23, 2006, the court set forth the pertinent facts. Between May 22, and June 6, 2003, appellees sent one of its employees to appellants' residence to care for appellant Cynthia Sliger, who was recovering from an operation. The doctor had ordered appellees to apply plain Nugauze to Cynthia Sliger's wound because she is allergic to iodine. Instead, appellee's employee applied a gauze wrapping containing iodine, and Cynthia Sliger suffered a severe allergic reaction, resulting in injury and scarring.
 {¶ 5} On August 5, 2005, the trial court granted appellee's first motion for summary judgment, finding this case is a medical malpractice case, not a personal injury case, and as such, is subject to a one-year statute of limitations.
 {¶ 6} The matter came before this court, and in Sliger v. Stark CountyVisiting Nurses Services and Hospice, Stark App. No. 2005-CA-00207,2006-Ohio-852, this court found the trial court's summary judgment was premature because the record did not contain evidence indicating appellee's employee is one of the persons listed in R.C. 2305.113(E) as providing medical care. Those persons are: "(3)* * * a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, * * *"
 {¶ 7} We held if appellee produced evidence its employee is one of the listed persons, the action is a medical claim subject to the one-year statute of limitations. We also held the rendering of post-surgical care requiring the application of a surgical dressing to an open wound constitutes medical treatment, Sliger I, at paragraph 13, citingBalascoe v. St. Elizabeth Hospital Medical Center (1996),110 Ohio App. 3d 83.
 {¶ 8} Finally, this court held under the theory of respondeat superior, a corporation is liable for the negligent acts of its employees. Thus, we concluded if the employee was one of the persons listed in R.C. 2305.113 (E)(3), the claim against the defendant corporation would be a medical claim, Sliger I at 14.
 {¶ 9} On remand appellee offered the affidavit of the employee who applied the improper dressing, as proof she was a registered nurse. The trial court cited our previous holding in Sliger I, and found on the undisputed facts the action was a medical claim and the statute of limitations had run before appellants filed their complaint.
 {¶ 10} In this appeal, appellants argue their claim against the corporation is not a medical claim because R.C.2305.113 lists actions against physicians, podiatrists, hospitals, homes, or residential facilities as medical claims. Here, the appellee is not a member of any of the designated categories. Appellants argue while appellee's employee may be one of the persons listed in the statute, the corporation is not.
 {¶ 11} In Bratton v. Couch, Morgan App. No. 05CA25, 2006-Ohio-6799, this court held the doctrine of the law of the case requires courts to apply the law as determined by the appellate court in a given case on all subsequent proceedings, Bratton at paragraph 16, citing Nolan v.Nolan (1984), 11 Ohio St. 3d 1.
 {¶ 12} We find our prior unappealed opinion constitutes the law of the case. Accordingly, the trial court did not err in finding our prior opinion was dispositive of the matter.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants. *Page 1