OPINION
{¶ 1} Plaintiff-appellant, Jeffrey F. Singleton ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Ohio Concrete Resurfacing, Inc. ("Ohio Concrete"). For the following reasons, we affirm. *Page 2 
 {¶ 2} On August 8, 2002, appellant filed this action against his former employer, Ohio Concrete, and co-employee, John Vecchio ("Vecchio"), alleging claims that arose out of injuries appellant sustained when Vecchio physically attacked him at Ohio Concrete's warehouse on September 24, 2001. Appellant described the events leading up to the attack in his deposition.
 {¶ 3} Several weeks prior to the attack, appellant and his girlfriend invited Vecchio to dinner at appellant's home. After dinner, Vecchio asked to use appellant's telephone and went into the bathroom, where he remained for 35 to 40 minutes. Appellant later received a telephone bill with a $200 charge for a phone sex line, corresponding to the date and time Vecchio spent on appellant's telephone. Appellant confronted Vecchio and asked him to pay the phone sex charges. Vecchio did not deny incurring the charges and agreed to pay the bill. The following Monday, before appellant left for a week-long job in Lucasville, Vecchio gave appellant money toward the bill.
 {¶ 4} While in Lucasville, appellant spoke to Vecchio by telephone regarding expense money for his crew. Appellant described Vecchio's attitude during those conversations as sarcastic. After appellant returned from the Lucasville job, Vecchio telephoned appellant and told him that he would load the trucks for the next job. However, when appellant returned to the Ohio Concrete warehouse on September 24, 2001, he found that the trucks had not been loaded.
 {¶ 5} On the morning of September 24, 2001, appellant was sitting at his desk speaking with Scott Gerbec when Vecchio and Andrew ("Sonny") Masetta, Ohio Concrete's Columbus supervisor, entered appellant's office and asked Gerbec to leave. *Page 3 
Vecchio approached appellant's desk and asked why appellant was talking to Gerbec before talking to him. Appellant responded, "none of us are in the mood for any kind of shit." (Singleton Depo. at 62.) Immediately, Vecchio punched appellant in the left eye, knocking him out of his chair, flipped appellant's desk onto him to pin him down, and began beating appellant. Sonny tried to intervene, but caught a punch in the chest. Ohio Concrete employee Bill Lewis eventually entered the room and tackled Vecchio, who left the office.
 {¶ 6} Appellant's complaint asserts claims against Ohio Concrete for negligence and employer intentional tort, a claim against Vecchio for assault and battery, and a claim against both defendants for willful, wanton, and/or willful misconduct. Ohio Concrete filed an answer on November 14, 2002, denying liability.
 {¶ 7} After failing to perfect service of process on Vecchio by mail, appellant initiated service by publication and filed proof of publication on May 23, 2003. Appellant moved for default judgment against Vecchio on July 31, 2003, and the trial court granted default judgment against Vecchio as to liability only on August 29, 2003.
 {¶ 8} Also on August 29, 2003, Vecchio filed an answer to appellant's complaint. On September 11, 2003, Vecchio filed a motion to vacate the default judgment against him pursuant to Civ.R. 60(B). The trial court referred Vecchio's motion to vacate to a magistrate for an evidentiary hearing, which was held on February 23, 2004. The magistrate issued a decision on October 13, 2004, concluding that service on Vecchio was invalid and that the default judgment against him was void.
 {¶ 9} On December 6, 2004, the trial court, with the consent of all parties, filed a revised case scheduling order, establishing a dispositive motions deadline of May 15, *Page 4 
2005, a discovery cut-off date of May 19, 2005, and a trial date of July 18, 2005. This was the court's second revision, as the court had previously extended the case scheduling order on July 23, 2003.
 {¶ 10} On May 16, 2005, Ohio Concrete filed a motion for summary judgment, arguing that, by virtue of its participation in the Ohio workers' compensation system, it was immune from appellant's claims, other than employer intentional tort. Ohio Concrete also argued that it was entitled to summary judgment on appellant's employer intentional tort claim. In support of its motion for summary judgment, Ohio Concrete filed appellant's deposition transcript and the affidavit of Russell Masetta ("Russell"), Ohio Concrete's treasurer and secretary.
 {¶ 11} On June 2, 2005, appellant filed a memorandum contra Ohio Concrete's motion for summary judgment. Pursuant to Civ.R. 56(F), appellant also requested a continuance to conduct additional discovery, including the deposition of Russell, if the court found that the evidence presented in opposition to summary judgment was insufficient. On June 8, 2005, in its reply memorandum in support of its motion for summary judgment, Ohio Concrete urged the trial court to deny appellant's Civ.R. 56(F) request.
 {¶ 12} On June 30, 2005, before the trial court ruled on either appellant's Civ.R. 56(F) request or Ohio Concrete's motion for summary judgment, appellant's counsel sent letters to counsel for Ohio Concrete and Vecchio, proposing deposition dates in July 2005 for Russell, Sonny (collectively "the Masettas"), and Vecchio. In responses dated July 5, 2005, Vecchio's counsel responded that conflicts precluded Vecchio's *Page 5 
deposition on the proposed dates, and Ohio Concrete's counsel refused to produce the Masettas for deposition two weeks prior to the scheduled July 18, 2005 trial.
 {¶ 13} On July 15, 2005, due to pending motions, the trial court continued the trial date to November 29, 2005. Thereafter, on July 20, 2005, appellant's counsel again requested dates to depose the Masettas and Vecchio. On August 29, 2005, three months after the most recent discovery cut-off date, appellant filed notices of deposition for the Masettas and Vecchio. Vecchio's counsel responded that a previously scheduled court appearance prevented Vecchio's deposition on the noticed date.
 {¶ 14} On September 2, 2005, Ohio Concrete moved for a protective order prohibiting appellant from deposing the Masettas and from requesting further discovery. Ohio Concrete argued that the discovery cut-off date had passed and that appellant's counsel had had three years to conduct discovery during the pendency of his claims. Appellant opposed Ohio Concrete's motion, arguing that it was merely an attempt to hinder discovery.
 {¶ 15} On November 2, 2005, the trial court issued a decision granting Ohio Concrete's motion for summary judgment and denying as moot Ohio Concrete's motion for a protective order. The trial court entered judgment in favor of Ohio Concrete on November 15, 2005.
 {¶ 16} On January 23, 2006, appellant filed a motion for reconsideration, arguing that Ohio Concrete intentionally impeded his ability to complete discovery and that, as a result, he was unable to present facts sufficient to support his opposition to Ohio Concrete's motion for summary judgment. The trial court denied appellant's motion for reconsideration on May 3, 2006. *Page 6 
 {¶ 17} On September 8, 2006, appellant voluntarily dismissed his claims against Vecchio without prejudice, and, on September 29, 2006, appellant filed a notice of appeal from the trial court's entry of summary judgment in favor of Ohio Concrete. Appellant assigns the following as error:
 The trial court erred in granting [Ohio Concrete's] Motion for Summary Judgment prior to permitting Appellant an opportunity to obtain and/or complete discovery.
Under his single assignment of error, appellant argues that the trial court erred by both denying his Civ.R. 56(F) request for a continuance and granting summary judgment in favor of Ohio Concrete.
 {¶ 18} Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 19} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most *Page 7 
strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 20} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Id. at 293. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
 {¶ 21} Before turning to the trial court's grant of summary judgment in favor of Ohio Concrete, we first address appellant's arguments in relation to his Civ.R. 56(F) request for a continuance to obtain additional discovery. Civ.R. 56(F) provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
The party requesting a Civ.R. 56(F) continuance bears the burden of establishing why such party cannot present sufficient facts to justify its opposition without a continuance. Carolina Tobacco Co. v.Petro, Franklin App. No. 04AP-1125, 2006-Ohio-1205, at ¶ 39. An appellate court will not reverse a trial court's denial of a Civ.R. 56(F) motion absent *Page 8 
an abuse of discretion. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 22} The trial court explained its denial of appellant's Civ.R. 56(F) motion in its May 3, 2006 decision and entry denying appellant's motion for reconsideration:
 * * * [T]he Court finds that ample time was provided for discovery. The case was filed in August of 2002 and service was complete on Defendant Vecchio by May of 2003. Though there were proceedings related to the default judgment initially granted against Defendant Vecchio and the Court's decision which granted Defendant Vecchio's 60(B) Motion, there is no reason why discovery could not have been undertaken during this time. This is especially true considering that Plaintiff argues that the additional discovery needed pertains to Defendant [Ohio Concrete] and not Defendant Vecchio. Further, Plaintiff does not explain why [he] did not undertake discovery during this time or during the time between the Court's decision on the 60(B) Motion in October of 2004 and when discovery was undertaken in February of 2005. In short, Plaintiff had ample time to conduct discovery.
The court also stated that further discovery would not change the facts presented on summary judgment because the court already considered the facts that appellant argued would be developed through further discovery.
 {¶ 23} The trial court did not abuse its discretion in denying appellant's Civ.R. 56(F) request. Appellant's claims had been pending for almost three years when Ohio Concrete moved for summary judgment, during which time the trial court twice extended the discovery cut-off date. Despite Ohio Concrete's stated intention to move for summary judgment, appellant made no attempt to depose witnesses before the dispositive motions deadline or the discovery cut-off date. Appellant did not request an extension of the discovery cut-off date but, instead, waited until after the dispositive *Page 9 
motions deadline, discovery cut-off date, and Ohio Concrete's filing of its motion for summary judgment before moving the trial court for any relief regarding discovery. Appellant's actions suggest that a lack of diligence, not uncooperative defendants, hindered his ability to obtain discovery. Such lack of diligence undercuts appellant's contention that the trial court abused its discretion in denying his Civ.R. 56(F) request. See Grenga v. Bank One, N.A., Mahoning App. No. 04 MA 94,2005-Ohio-4474, at ¶ 72 (finding no abuse of discretion in the denial of a Civ.R. 56(F) motion filed after the discovery cut-off date where the moving party did not request a change in the discovery cut-off date);Whiteside v. Conroy, Franklin App. No. 05AP-123, 2005-Ohio-5098, at ¶ 39.
 {¶ 24} Appellant does not explain his lack of diligence in conducting discovery. In the trial court, appellant simply argued that discovery was justifiably delayed due to his inability to locate and serve Vecchio and due to proceedings on Vecchio's Civ.R. 60(B) motion. Even ignoring the delay prior to the resolution of Vecchio's motion to vacate, appellant conducted no discovery between October 2004, when the magistrate issued her decision granting Vecchio's motion, and April 2005, when appellant served Ohio Concrete with interrogatories and requests for admission.[1] Although appellant argues that Ohio Concrete failed to answer his interrogatories and inappropriately objected to several requests for admission, appellant did not move the trial court to compel complete discovery responses. Moreover, after the vacation of the default judgment against Vecchio, appellant did not request depositions until June 30, 2005, a *Page 10 
month after the discovery cut-off date, nearly two months after appellant filed his memorandum opposing Ohio Concrete's motion for summary judgment, and three weeks prior to the scheduled trial date.
 {¶ 25} In support of his argument that the trial court erred by granting summary judgment where adequate discovery had not been conducted, appellant relies on Sliger v. Stark Cty. Visiting NursesServ. Hospice, Stark App. No. 2005CA00207, 2006-Ohio-852, andWaterfield Financial Corp. v. Gilmer, Franklin App. No. 04AP-252,2005-Ohio-1004. In Sliger, the Fifth District Court of Appeals reversed a trial court's entry of summary judgment. The issue in Sliger resolved to whether the plaintiff alleged a medical claim subject to the R.C.2305.113 one-year statute of limitations. The Sliger defendant filed for summary judgment one month after the plaintiff filed her complaint, and the plaintiff responded by opposing the motion and, alternatively, requesting additional time to conduct discovery pursuant to Civ.R. 56(F). Although the Fifth District concluded that summary judgment was premature, it did not hold that the trial court erred by denying the plaintiff's Civ.R. 56(F) request. Rather, the court concluded that the defendant failed to present necessary evidence, preventing the court from determining whether the plaintiff's claim was subject to the one-year statute of limitations. Accordingly, the court reversed the trial court's judgment because the defendant, as the moving party, failed to meet its burden on summary judgment. Similarly, inGilmer, this court reversed the trial court's entry of summary judgment on the plaintiff's creditor's bill claim because the moving party did not present sufficient evidence in support of its claim. *Page 11 
 {¶ 26} Unlike the situations presented in Sliger and Gilmer, Ohio Concrete, as the party moving for summary judgment, presented evidence, including appellant's deposition and Russell's affidavit, satisfying its initial burden on summary judgment. Additionally, Ohio Concrete's motion for summary judgment was not premature like the motion at issue inSliger. Accordingly, the reasoning in those cases is inapplicable here. Given the ample time appellant had to conduct discovery, the fact that the discovery cut-off date elapsed prior to appellant filing his Civ.R. 56(F) motion, and appellant's lack of diligence in pursuing discovery, we cannot find that the trial court abused its discretion in denying appellant's Civ.R. 56(F) request for additional time to conduct discovery.
 {¶ 27} We now turn to appellant's arguments regarding the trial court's grant of summary judgment in favor of Ohio Concrete on his employer intentional tort claim.
 {¶ 28} The Ohio Workers' Compensation Act generally provides participating employers immunity from claims for death, injury or occupational disease of their employees, but such immunity does not extend to intentional torts occurring within the context of the employer/employee relationship. Vermett v. Fred Christen Sons Co.
(2000), 138 Ohio App.3d 586, 598-599. To establish a successful employer intentional tort claim, an employee must establish:
 * * * (1) [K]nowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. * * * *Page 12 
Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. "[P]roof beyond that required to prove negligence and beyond that to prove recklessness must be established." Id. at paragraph two of the syllabus. "[Establishing that the employer's conduct was more than negligence or recklessness `is a difficult standard to meet.'"Goodin v. Columbia Gas of Ohio, Inc. (2000), 141 Ohio App.3d 207, 220, quoting McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 246. Because a plaintiff must satisfy all three prongs of the Fyffe test, failure of proof with respect to any one prong renders immaterial disputes of fact with respect to the other prongs. Keller v. NorthwestConduit Corp. (Sept. 26, 2000), Franklin App. No. 99AP-1403.
 {¶ 29} When an employer moves for summary judgment on an employer intentional tort claim, the employee must set forth specific facts showing a genuine issue as to whether the employer committed an intentional tort. Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, paragraph seven of the syllabus. The employee bears the burden of demonstrating that the employer had knowledge amounting to substantial certainty that an injury would occur. Pariseau v. WedgeProducts, Inc. (1988), 36 Ohio St.3d 124, 127. Even where an employer possesses knowledge and appreciation of a risk, nothing short of substantial certainty demonstrates intent. Fyffe at paragraph two of the syllabus.
 {¶ 30} Appellant argues that Ohio Concrete's placement of Vecchio into his work environment, despite knowledge of Vecchio's volatile and dangerous disposition and criminal record, constituted an intentionally tortious act. The trial court disagreed, concluding that, although a genuine issue of material fact remained as to whether Ohio Concrete had knowledge that Vecchio's presence in the workplace constituted a *Page 13 
dangerous condition, the evidence did not establish a genuine issue of material fact as to whether Ohio Concrete knew, with substantial certainty, that appellant would be injured if he were exposed to Vecchio. In reaching that conclusion, the court noted the absence of any previous threat by Vecchio to appellant and the lack of any prior physical confrontation between the two.
 {¶ 31} We begin our analysis with the second Fyffe element, under which appellant must establish that Ohio Concrete knew that harm to appellant was substantially certain to result if Ohio Concrete subjected appellant to Vecchio's presence in the workplace. It is undisputed that Russell was aware of Vecchio's criminal record, including a 1997 charge for felonious assault, prior to the incident between Vecchio and appellant. According to appellant, the Masettas warned him that Vecchio was a "very hostile" person. (Singleton Depo. at 48.) Although appellant also testified that Vecchio carried a gun or double-edged knife at work, the record lacks any evidence that Ohio Concrete was aware of that fact.
 {¶ 32} In his affidavit, Russell stated that, prior to September 24, 2001, there had been no complaints from any Ohio Concrete employee, including appellant, that Vecchio was violent or that Vecchio had threatened or implied violence. Appellant admitted that, prior to the incident at issue here, Vecchio never physically threatened him and that he had never seen or heard Vecchio physically threaten anyone else in the workplace. Even when appellant approached Vecchio about the phone charges, Vecchio did not threaten appellant and agreed to pay for them. Although appellant testified that he had heard of Vecchio threatening others, he could not remember who told him about such threats. *Page 14 
 {¶ 33} Russell denied that he or any other officer of Ohio Concrete had knowledge of any dispute between Vecchio and appellant before September 24, 2001. Appellant, however, testified that Sonny learned of the dispute between appellant and Vecchio because he was present when appellant confronted Vecchio about the phone charges. As the trial court stated, we must view the evidence in the light most favorable to appellant and assume, for purposes of summary judgment, that Sonny knew about the phone charges. Nevertheless, even if Ohio Concrete knew of the phone charges, appellant testified that Vecchio did not deny the charges and agreed to pay them. Appellant's conversation with Vecchio regarding the phone charges did not turn into a shouting match and was not physical or threatening.
 {¶ 34} Even assuming that Russell's knowledge of Vecchio's prior criminal record and hostile disposition and Sonny's knowledge of the phone charges suffices to create a genuine issue of material fact as to whether Ohio Concrete had actual knowledge of a dangerous condition, the evidence is insufficient to create a genuine issue of material fact as to whether Ohio Concrete had actual knowledge that Vecchio was substantially certain to physically assault appellant. Even where a plaintiff establishes that his employer had knowledge of a dangerous condition, it does not necessarily follow that the employer knew that injury to its employee was certain, or substantially certain, to result.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192-193. Without more, an employer's knowledge and appreciation of the risk "is insufficient to impute knowledge with substantial certainty that [the] harm would befall its employees." Richard v. Mr. Hero, Inc. (Mar. 8, 1989), Summit App. No. 13701. *Page 15 
 {¶ 35} Review of cases applying the employer intentional tort standard in scenarios involving co-employee assaults confirms our conclusion that appellant failed to demonstrate a genuine issue of material fact as to whether Ohio Concrete had the requisite knowledge that harm to appellant was a substantial certainty. In Jasinski v. Ford Motor Co. (Jan. 30, 1992), Cuyahoga App. No. 59760, the Eighth District Court of Appeals upheld the trial court's entry of summary judgment in favor of an employer and against an employee who had been attacked by his co-worker, despite the employee's allegation that the employer knew of the attacker's propensity for violence because the employer previously discharged him for criminal violence. The court found that the attacker's disciplinary action reports, which indicated a prior suspension for threatening a supervisor, failed to establish a sufficient propensity for violence to place the employer on notice of possible harm to its employees.
 {¶ 36} In Reed v. Armco, Inc. (Dec. 20, 2000), Muskingum App. No. CT2000-0005, the Fifth District Court of Appeals affirmed summary judgment in favor of an employer and against an employee who was assaulted by three co-workers. The employee alleged that he had been subjected to repeated instances of harassment, threats, and emotional and physical abuse during his 15 years of employment. The court found that the employee failed to demonstrate the employer's knowledge of a dangerous condition because he did not report many of the alleged instances of harassment and abuse. However, the court went on to hold that, "assuming, arguendo, that [the employer] knew that [the employee] was subjected to all of the above instances of harassment by his co-workers, * * * there is no evidence in the record that [the *Page 16 
employer] knew that the injuries allegedly suffered by [the employee] * * * were certain or substantially certain to occur." Id.
 {¶ 37} More recently, in Switka v. The City of Youngstown, Mahoning App. No. 05MA74, 2006-Ohio-4617, the Seventh District Court of Appeals affirmed summary judgment in favor of an employer and against an employee on an intentional tort claim arising out of the employee's injury from being kicked by a co-employee. The co-employee had previously been charged with felonious assault and domestic violence, although both charges were unrelated to his employment. The co-employee also admitted to verbally threatening another co-worker and to on-the-job horseplay in violation of work rules, which was known by his supervisor. Despite such evidence, the court concluded that there was a lack of evidence that the co-employee created a dangerous condition or that the employer knew that a worker was substantially certain to be injured.
 {¶ 38} Here, even if Ohio Concrete had knowledge that Vecchio's presence in the workplace created a dangerous condition, the record is devoid of evidence suggesting that Ohio Concrete knew that harm to appellant was substantially certain. Vecchio had never physically or verbally threatened appellant, and appellant had never complained that he felt physically threatened by Vecchio. To the extent that Sonny knew of the dispute over the phone charges, there is no evidence to suggest that the dispute had not been amicably resolved, and appellant's testimony does not suggest that Vecchio would become violent later. Finally, like evidence of prior threats in Jasinski, Reed, andSwitka, appellant's testimony that Vecchio had previously threatened another co-employee — testimony Ohio Concrete argues was inadmissible hearsay — is insufficient *Page 17 
to create a genuine issue of material fact as to whether Ohio Concrete knew that injury to appellant was substantially certain. Like the trial court, we agree that the evidence was insufficient to create a genuine issue of material fact on the second element of Fyffe.
 {¶ 39} Upon review, we conclude that the trial court did not err in denying appellant's request for a Civ.R. 56(F) continuance or in granting Ohio Concrete's motion for summary judgment. Therefore, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
KLATT and McGRATH, JJ., concur.
[1] Although copies of appellant's discovery requests are not contained in the record, appellant stated in his September 9, 2005 memorandum contra Ohio Concrete's motion for a protective order that he served his first set of interrogatories on Ohio Concrete on April 15, 2005. *Page 1