OPINION *Page 2 
{¶ 1} Plaintiff-appellant Betty A. Stevic, Executrix of the Estate of Donald Stevic, appeals from the October 16, 2006, Judgment Entry of the Richland County Court of Common Pleas granting the Motion for Judgment on the Pleadings filed by defendant-appellee Bio-Medical Application of Ohio, Inc., dba FMC Dialysis Services of Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 4, 2003, Donald Stevic went to the Richland County Kidney Dialysis Center for dialysis treatment. While at the center, employees of the center dropped Donald Stevic [hereinafter "the decedent"] or otherwise allowed him to fall from a Hoyer lift, which is a mechanical lift device that was being used to move him into position for dialysis. As a result, the decedent suffered a fractured hip, abrasions and other injuries and, in February of 2004, died.
 {¶ 3} Subsequently, on October 3, 2005, appellant Betty A. Stevic, as Executrix of the Estate of Donald Stevic, filed a complaint for personal injuries and other tort damages against appellant Bio-Medical Application of Ohio, Inc., dba FMC Dialysis Services of Richland County, which appellant alleged owned or operated the Kidney Dialysis Center.[1] The complaint set forth a survival claim and also a derivative claim for loss of consortium. A first amended complaint was filed on October 4, 2005.
 {¶ 4} On August 14, 2006, appellee filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). Appellee, in its motion, argued that appellant had failed to file her complaint within the one year statute of limitations set forth in R.C. *Page 3 2305.113 for medical claims. Appellant, in her memorandum in opposition, argued that the two year statute of limitations set forth in R.C.2305.10 for bodily injury applied and that, therefore, the complaint was timely filed.
 {¶ 5} Pursuant to a Judgment Entry filed on October 16, 2006, the trial court granted appellee's motion and dismissed appellant's complaint.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS."
 I {¶ 8} Appellant, in her sole assignment of error, argues that the trial court erred in granting appellee's Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). We agree.
 {¶ 9} Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Pursuant to Civ.R. 12(C), "dismissal is [only] appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v. Pontious, 75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931. The very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 166,297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove *Page 4 
any set of facts that would entitle them to relief. Flanagan v.Williams (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185, 188. The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. Id.
 {¶ 10} At issue in the case sub judice is whether appellant's complaint is barred by the one year statute of limitations for medical malpractice claims set forth in R.C. 2305.113(A). Appellant contends that the claims contained in the complaint are not medical malpractice claims because appellee does not qualify under any of the enumerated categories for medical providers contained in R.C. 2305.113(E)(3).
 {¶ 11} R.C. 2305.113(A) states as follows: " . . . [A]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued."
 {¶ 12} In turn, R.C. 2305.113(E)(3) defines a "medical claim" as meaning "any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. `Medical claim' includes the following:
 {¶ 13} "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person; *Page 5 
 {¶ 14} "(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:
 {¶ 15} "(i) The claim results from acts or omissions in providing medical care.
 {¶ 16} "(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
 {¶ 17} "(c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code."
 {¶ 18} As noted by this Court in Sliger v. Stark Cty. Visiting NursesServ. Hospice, Stark App. No. 2005CA00207, 2006-Ohio-852, in order to determine whether appellant's claims are medical claims, we must look to whether appellee falls under the categories designated in R.C.2305.113(E)(3). In the case sub judice, appellant, in her complaint, did not assert any claims against any individuals such as a physician or a podiatrist or any employee or agent of the same.[2] Nor did appellant assert any claims against a home or residential facility as such terms are defined in R.C. 2305.113. The issue thus becomes whether appellant asserted a medical claim against a hospital.
 {¶ 19} R.C. 2305.113 states, in relevant part, as follows: "(E) As used in this section: (1) `Hospital' includes any person, corporation, association, board, or authority that is responsible for the operation of any hospital licensed or registered in the state, including, but not limited to, those that are owned or operated by the state, political subdivisions, any person, any corporation, or any combination of the state, political subdivisions, persons, and corporations. `Hospital' also includes any person, *Page 6 
corporation, association, board, entity, or authority that is responsible for the operation of any clinic that employs a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals. `Hospital' does not include any hospital operated by the government of the United States or any of its branches."
 {¶ 20} In the case sub judice, the complaint alleges that the decedent fell while he was being positioned for kidney dialysis treatment at the Richland County Kidney Center in Mansfield, Ohio. The complaint further alleges that appellee owns or operates the center where the decedent fell. It is unclear from the allegations in the complaint whether or not appellee falls within the definition of a "hospital". It is unclear whether or not appellee is a corporation and, if so, whether appellee "employs a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care, and treatment to individuals." See R.C. 2305.113(E)(1). Based on the foregoing, we cannot determine, based on the face of the complaint, whether appellant's claim is a medical malpractice claim or not.
 {¶ 21} Even assuming, arguendo, that the trial court dismissed the complaint because it found the allegations of negligence made against the employees of Richland County Kidney Center constituted a medical claim governed by the one year statute of limitations, we do not agree with that dismissal. We do not agree with that dismissal even though we concede that an employer may not be held to be vicariously liable for the negligence of its employees or agents under the doctrine of respondeat superior, if the employee or agent cannot be liable due to the expiration of the statute of limitations. See Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712. An *Page 7 
employer such as appellee is only secondarily liable if its employee is primarily liable. See Comer, supra. We also concede that the employee may not need to be a named party in the lawsuit against the employer. See Comer, supra. Thus, the issue becomes whether or not appellee's employees were primarily liable in this case. If appellee's employees cannot be held to be primarily liable because of the expiration of the statute of limitations, then appellee cannot be held secondarily liable under the theory of respondeat superior. See Comer, supra.
 {¶ 22} In the case sub judice, appellant alleged in the complaint that appellee's employees were negligent in, among other matters, failing to secure the decedent in the Hoyer device, dropping the decedent or allowing him to fall, and failing to properly apply the harness straps and other parts of the Hoyer lift. However, it is unclear from the language in the complaint whether or not the employees were employees of a hospital or were nurses, physical therapists, physician assistants or emergency medical technicians. See R.C. 2305.113(E)(3). Nowhere in the complaint are the employees identified in any manner or by any title. If the employees are nurses, physical therapists, emergency medical technicians, or physicians assistants or employees of a hospital and, assuming that the activities they were involved in arise out of medical diagnosis care, or treatment, then appellant's claims against them are medical claims under R.C. 2305.113 and the one year statute of limitations set forth in R.C. 2305.113(A) applies. Because appellant's claims against such employees would be barred by the one year statue of limitations set forth in R.C. 2305.113(A), appellant's claim against appellee, as an employer of such employees, would fail because the *Page 8 
employer can only be secondarily liable if the employee can be primarily liable. See Comer, supra.
 {¶ 23} However, because, as is stated above, it is unclear from the complaint whether appellee's employees were any of the types of persons identified in R.C. 2305.113(E)(3), we find that the trial court erred in granting appellant's Motion for Judgment on the Pleadings pursuant to Civ. R. 12(C).
 {¶ 24} For the above reasons, we find that the trial court erred in granting appellant's Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C).
 {¶ 25} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 26} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
By: Edwards, J. Hoffman, P.J. concurs and Farmer, J. dissents
[1] While other defendants were named in appellant's complaint, they were voluntarily dismissed without prejudice on October 28, 2005.
[2] In Johnson v. Ohio Dept. of Rehab. And Corr., Franklin App. No. 06AP-196, 2006-Ohio-6432, the Tenth District Court of Appeals looked only at the named defendant in determining whether or not the action constituted a medical claim and the one year statute of limitations for medical claims applied. In such case, the court held that the evidence did not support the trial court's determination that the ODRC was a hospital for purposes of former R.C. 2305.11 (D)(1). *Page 9