OPINION
{¶ 1} Plaintiff Ezzio Pocci appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Aultman Hospital and the Aultman Hospital Foundation. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT."
 {¶ 3} Appellant has failed to include a statement pursuant to Loc. App. R. 9(B)(4). However, it appears appellant argues the summary judgment was inappropriate as a matter of law.
 {¶ 4} Appellant was admitted to Aultman Woodlawn for rehabilitation following surgery. On April 8, 2006, appellant suffered a fall after a nurse's aide allegedly left him unattended in the shower. Appellant also alleged numerous violations of R.C. 3721.13, including failing to give appellant adequate personal attention to address his needs; failure to respond to calls; failure to properly dispense appellant's medications; placing urine saturated sweatpants on appellant's clean clothing; subjecting appellant to prolonged isolation; and referring to appellant as a "troublemaker".
 {¶ 5} Civ. R. 56 states in pertinent part: Civ. R. 56 states in pertinent part:
 {¶ 6} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from *Page 3 
the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set *Page 4 
forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 10} R.C. 2305.113 (E) (3) defines a medical claim as:
 {¶ 11} "* * * [A]ny claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. `Medical claim' includes the following:
 {¶ 12} "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
 {¶ 13} "(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:
 {¶ 14} "(i) The claim results from acts or omissions in providing medical care.
 {¶ 15} "(ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
 {¶ 16} "(c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code." *Page 5 
 {¶ 17} R.C. 2305.113(A) provides that an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued, unless certain exceptions, not present here, apply.
 {¶ 18} Appellant filed his complaint on December 12, 2007, and the trial court granted summary judgment, finding appellant's claims were medical claims, subject to a one-year statute of limitations.
 {¶ 19} Both parties and the trial court discussed two cases which arose out of this district. In Sliger v. Stark County Visiting NursesServices Hospice, Stark App. No. 2005-CA-00207, 2006-Ohio-852, this court reviewed a situation where the plaintiff alleged she suffered pain and scarring because of the negligence of an employee of a nursing service. The trial court granted summary judgment in favor of the defendants on the basis the plaintiff's claims were medical claims filed beyond the one year statute of limitations. This court reversed the summary judgment, finding it premature. Although the negligent act constituted medical treatment, the record did not identify the negligent employee as one of the persons named in the statute.
 {¶ 20} In Estate of Stevic v. Bio-Med Application of Ohio, Richland App. No. 2006-CA-0095, 2008-Ohio-33, the plaintiff alleged employees of Richland County Kidney Center failed to secure the patient in a Hoyer device, causing him to fall. The plaintiff did not sue any of the individuals, only the employer. We found the record was unclear as to whether the employer was an entity named in R.C. 2305.113. For this reason, we found the trial court erred in granting judgment on the pleadings.
 {¶ 21} In the case at bar, appellant argues the issue of whether his claim is a medical claim turns on the professional designation of the employee responsible for his *Page 6 
injuries. Appellant identified the employee as a nurse's aide, which is not one of the categories designated in R.C. 2305.113. We do not agree. Here as in Stevic, the defendants are facilities covered by the statue.
 {¶ 22} The definition of medical claim includes claims arising from medical diagnosis, care, or treatment of a person. Appellant argues the negligent acts were acts of omission, rather than commission, and do not fall within the statutory definition. We find acts of omission are included in the definition of a "medical claim".
 {¶ 23} We find appellant's claims meet the definition of a "medical claim", and accordingly, the one-year statute of limitations applies.
 {¶ 24} The assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1