DECISION
{¶ 1} Plaintiff-appellant, William Schooley ("appellant") appeals from the judgment of the Court of Claims of Ohio granting summary judgment in favor of defen-dants-appellees, the Ohio Department of Rehabilitation and Correction ("ODRC") and The Ohio State University Medical Center ("OSUMC").
 {¶ 2} Appellant, in the custody of ODRC, underwent hernia surgery on April 30, 2003, at OSUMC by Dr. Arun Gowdamarajan. On May 4, 2003, appellant returned to OSUMC with abdominal pain. Dr. Charles Cook performed another operation and found an incarcerated bowel due to a failed hernia repair, and appellant was discharged to ODRC. In August 2004, appellant filed the instant litigation alleging substandard medical care by OSUMC, and inadequate postoperative care at the Corrections Medical Center ("CMC") and ODRC.
 {¶ 3} OSUMC filed a motion for summary judgment supported by the affidavit of Dr. Cook. Dr. Cook's affidavit established that although the first hernia surgery failed, it was performed appropriately and within the standard of care, and that hernia repair failure and incarcerated bowel are potential complications of hernia surgery, which can occur even though the surgeon complied with all applicable standards of medical care. Dr. Cook's affidavit also established that the surgeries, and the follow-up care, were performed within the standard of care. In sum, Dr. Cook opined in his affidavit that the treatment of appellant was within acceptable standards of medical and surgical care.
 {¶ 4} ODRC filed a motion for summary judgment arguing that appellant received adequate follow-up care as ordered by OSUMC. ODRC supported its motion with an affidavit of Dr. Cook and Dr. Martin Akusoba, CMC's Chief Medical Officer. Dr. Akusoba's affidavit established that appellant received the postoperative care ordered by OSUMC following his April 30, 2003 surgery, that the nursing staff at CMC continued to monitor appellant, and that appellant was, at all times, transported to OSUMC for surgery in a timely fashion as scheduled by OSUMC.
 {¶ 5} The trial court found that because appellant failed to submit any admissible evidence in support of his claims, he failed to meet his reciprocal burden and establish that a genuine issue of material fact existed. Thus, the trial court found that OSUMC and ODRC were entitled to judgment as a matter of law, and entered judgment accordingly. It is from this judgment that appellant appeals.
 {¶ 6} On appeal, appellant asserts the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANTS WITHOUT A THOROUGH EXAMINATION OF ALL APPROPRIATE MATERIALS FILED BY THE PARTIES.
ASSIGNMENT OF ERROR NO. 2.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT INCORRECTLY ASSESSED HIS CLAIM BY LIMITING IT TO THE QUESTION OF WHETHER OR NOT PLAINTIFF DEVELOPED COMPLICATIONS FROM HE SURGERY PERFORMED ON HIM APRIL 20, 2003.
 {¶ 7} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 8} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 9} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 10} Appellate review of summary judgments is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 11} The Supreme Court of Ohio has held that expert testimony is ordinarily required to establish the requisite standard of care and skill a physician owes in his treatment of a patient. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127. InBruni, the court stated:
In order to establish medical malpractice, it must be shown by a preponderance of evidence that the injury complained of was caused by the doing of some particular thing or things that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances, or by the failure or omission to do some particular thing or things that such a physician or surgeon would have done under like or similar conditions and circumstances, and that the injury complained of was the direct and proximate result of such doing or failing to do some one or more of such particular things.
Id. at paragraph one of the syllabus.
 {¶ 12} Additionally, the issue "whether the [defendant] has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts." Id. at 130.
 {¶ 13} Both OSUMC and ODRC filed affidavits in support of their respective positions. However, in his first assignment of error, appellant argues that the trial court erred in relying on the affidavits because the affidavits do not establish the affiant's competency. "In the absence of an opposing affidavit of a qualified expert for the plaintiff, a defendant-physician's affidavit attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a court may enter summary judgment in a medical malpractice action." Ullmann v. Duffus, Franklin App. No. 05AP-299,2005-Ohio-6060 at ¶ 15, citing Cunningham v. Children's Hosp.,
Franklin App. No. 05AP-69, 2005-Ohio-4284, at • ¶ 12, citingMarcum v. Holzer Clinic, Inc., Gallia App. No. 03CA25, 2004 Ohio 4124, at ¶ 19. It is unrebutted that Dr. Cook is a licensed physician, specializing in the practice of general surgery, is board certified as a general surgeon, and is an assistant professor of surgery at the College of Medicine at The Ohio State University. It is also unrebutted that Dr. Akusoba is a licensed physician specializing in internal medicine. Under Ohio law, any doctor licensed to practice medicine is competent to testify on medical issues. Canady v. Dept. of Rehab. Corr. (Nov. 2, 1993), Franklin App. No. 93AP-596; Rouse v. Riverside MethodistHosp. (1983), 9 Ohio App.3d 206 (holding that any doctor licensed to practice medicine is competent to testify on medical issues, and the fact that the doctor has one specialty rather than another bears only upon the weight to be given the evidence, not its admissibility). As such, both Drs. Cook and Akusoba would be competent to testify on issues related to the standard of care for a physician. Thus, we find no merit to appellant's argument that the trial court erred in relying on the affidavits of Drs. Cook and Akusoba to find that OSUMC and ODRC met their initial burden under Civ.R. 56 and established the absence of a genuine issue of material fact with respect to appellant's claims of medical malpractice and professional negligence.
 {¶ 14} Accordingly, appellant's first assignment of error is overruled.
 {¶ 15} In his second assignment of error, appellant asserts that the trial court was "under the mistaken impression that the operation of 4-30-03 was the only material fact necessary to resolve." (Appellant's Brief at P. 8.) Appellant further asserts that "[ODRC] had nothing to do with the operation of April 30, 2003; but rather, had everything to do with the after care appellant claimed he failed to received (sic) which caused him complications . . ." (Id.)
 {¶ 16} We find no merit to appellant's arguments. In moving for summary judgment, ODRC specifically argued that it complied with all postoperative instructions, and that at no time did the treatment of appellant fall below the requisite standard of care. In support of its position, ODRC relied on the affidavits of Drs. Cook and Akusoba. Thus, ODRC met its burden of establishing the absence of a genuine issue of material fact with respect to causation, a required element of appellant's claims.
 {¶ 17} The burden then shifts to appellant to show that a genuine issue of material fact remains for trial. However, to establish this, it is incumbent on appellant to point to, or submit, evidentiary material, and not merely rest on the allegations in the pleadings. See Civ.R. 56. Appellant failed to meet his reciprocal burden. Appellant provided no evidence, via affidavit or otherwise, in support of his position. To the extent that appellant argues that he received no postoperative care, and that this fact is not only material, but does not require expert testimony, we note again, that appellant submitted no evidence, not even his own affidavit to support his claims.
 {¶ 18} Appellant failed to meet the reciprocal burden of presenting evidence demonstrating a genuine issue of material fact as to whether or not appellees deviated from the standard of care, and if so, whether or not appellees proximately caused damages to appellant. Therefore, the trial court's grant of summary judgment was appropriate. Accordingly, appellant's second assignment of error is overruled.
 {¶ 19} For the foregoing reasons, we overrule appellant's two assignments of error, and the judgment of the Court of Claims of Ohio is hereby affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.