The STATE of Ohio, Appellee,

v.

SNODGRASS, Appellant.

[Cite as *State v. Snodgrass,* 177 Ohio App.3d 556, 2008-Ohio-4019.]

Court of Appeals of Ohio,
Second District, Clark County.

Nos. 07–CA–95 and 07–CA–96.

Decided Aug. 8, 2008.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellee.

Timothy Young, State Public Defender, and Jeremy J. Masters, Assistant State Public Defender, for appellant.

BROGAN, Judge.

{¶ 1} This matter comes before the court upon two consolidated appeals. In Clark App. No. 07–CA–95, Marwan Snodgrass appeals from his conviction and sentence on one count of felonious assault on a police officer. In Clark App. No. 07–CA–96, Snodgrass appeals from his conviction and sentence on charges of having a weapon while under disability, assault (with a firearm specification), and carrying a concealed weapon. The two cases arose out of the same incident and were tried together. Snodgrass received a ten-year sentence in Clark App. No. 07–CA–95. He received an aggregate nine-year sentence in Clark App. No. 07–CA–96. The trial court ordered the sentences in the two cases to be served consecutively, resulting in a total sentence of 19 years in prison.

{¶ 2} In his sole assignment of error, Snodgrass contends that the trial court abused its discretion by failing to strike the medical opinion testimony of a physician whose medical license had been suspended for six months.

{¶ 3} At trial, the state called Dr. William Harlan to testify about injuries to police officer Joseph Ivory resulting from an assault by Snodgrass on September 5, 2006. Harlan, the emergency-room physician who examined Ivory, provided expert testimony about his diagnosis of a concussion. He also gave medical opinions regarding head injuries and related issues. Direct examination of Harlan occurred on July 5, 2007. Cross-examination began the same day but was not completed. Before trial commenced the next morning, defense counsel moved to strike Harlan's testimony. The basis for the motion was defense counsel's discovery the prior evening that Harlan's medical license had been suspended for six months effective May 8, 2007, due to a prescription drug addiction. In light of the suspension, defense counsel argued that Harlan was not qualified as an expert. The trial court overruled the motion to strike. It reasoned as follows:

{¶ 4} "Well, he did testify that he's been a physician for just about 20 years and that he works in the emergency room and that he's seen numerous concussions.

{¶ 5} "So I'm going to overrule the motion to strike his testimony. I think the issue of his suspended license, as I indicated, can be explored on cross-examination; and I think that would go to the weight of his testimony, the weight of his opinion.

{¶ 6} "But I find that he has met the minimum requirements for being able to testify as an expert. He certainly has many years of experience. He has been a licensed physician. He has dealt with concussions; but, again, his license suspension would go to the weight of his testimony. But I'll overrule the motion to strike his testimony at this time."

{¶ 7} On appeal, Snodgrass argues that a witness who lacks a medical license is not competent to give expert testimony regarding medical issues. In support of this claim, he cites three cases for the proposition that a licensed physician is competent to testify about medical issues. See *Schooley v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 05AP–823, 2006-Ohio-2072, 2006 WL 1102807; *Joyce–Couch v. DeSilva* (1991), 77 Ohio App.3d 278, 602 N.E.2d 286; *State v. Butler* (April 26, 1988), Franklin App. No. 87AP–240, 1988 WL 41050. Snodgrass infers from these cases that the converse is equally true, i.e., that an unlicensed physician is not competent to testify about medical issues.

{¶ 8} Upon review, we find the foregoing argument to be without merit, at least in the context of criminal cases. As Snodgrass points out, Evid.R. 601(D)

does require a person giving expert testimony on the issue of liability in a medical-malpractice action to be licensed. By its own terms, however, Evid.R. 601(D) does not apply to criminal actions. Moreover, the inference that Snodgrass draws from the three cases cited above is unpersuasive. In *Schooley*, a medical-malpractice case, the Tenth District recognized the undisputed fact that a licensed physician is competent to testify on medical issues. In *Joyce–Couch*, also a medical-malpractice case, the Twelfth District recognized the same fact. Neither case addressed whether an unlicensed physician could testify as a medical expert in a criminal action. Finally, in *Butler*, a postconviction-relief case, the Tenth District recognized that a licensed physician is competent to testify about medical matters. Once again, *Butler* did not address the issue before us. It does not follow that an unlicensed physician necessarily is unqualified to give expert testimony in a criminal case merely because a licensed physician is competent to do so.

{¶ 9} In order to resolve the issue before us, we look to Evid.R. 702, which provides that a witness may qualify as an expert based on "specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony." In the present case, the trial court found that Harlan, who notably did hold a license when he examined Ivory and formed his opinions, was qualified to give expert testimony based on his 20 years of experience, his emergency-room work, and his observation of numerous concussions.

{¶ 10} We see no abuse of discretion in the trial court's ruling. "[A] witness need not have a special certification or license in order to qualify as an expert so long as the knowledge the witness imparts will aid the trier-of-fact in understanding the evidence or determining a fact in issue." *State v. Gray* (June 30, 2000), Greene App. No. 99–CA–103, 2000 WL 873194 (finding that a witness "possessed the necessary education and training to testify as an expert in [a] sexual predator hearing even if he was not licensed as a psychologist in Ohio at the time he testified"). In our view, the trial court properly allowed Harlan's testimony and found that the six-month license suspension, which occurred after his examination of Ivory, went to the weight of his testimony, not its admissibility. Cf. *State v. Awkal* (1996), 76 Ohio St.3d 324, 332, 667 N.E.2d 960 ("Appellant argues that the licensure question goes to the weight, not the admissibility, of the evidence. Appellant is correct. Where expert testimony *has been admitted*, the licensure issue goes to the weight of the evidence."); *In re Webb* (1989), 64 Ohio App.3d 280, 286, 581 N.E.2d 570 ("The fact that Dr. Dudley was not licensed at the time he administered the tests to the children goes to the weight to be given his testimony").

{¶ 11} Snodgrass's sole assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

Judgment affirmed.

WOLFF, P.J., and FAIN, J., concur.