RAY, Appellant,

v.

RAMADA INN NORTH, Appellee, et al.

[Cite as *Ray v. Ramada Inn N.*, 181 Ohio App.3d 350, 2009-Ohio-1278.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22808.

Decided March 13, 2009.

Richard B. Reiling, for appellant.

Subashi, Wildermuth & Dinkler, Brian L. Wildermuth, and Anne P. Keeton, for appellee.

FAIN, Judge.

{¶ 1} Plaintiff-appellant, Jeff John Ray, appeals from a judgment entered against him on his claim for damages arising from a slip and fall accident. Ray contends that the trial court abused its discretion in ruling that Ray's treating physician was not qualified to testify as an expert and in denying his motion for a continuance for time to procure another expert.

{¶ 2} We conclude that the trial court erred as a matter of law by utilizing a statute relating to medical-malpractice actions—R.C. 2743.43—in reaching its conclusion that Ray's expert could not testify at trial. The issue of whether the trial court abused its discretion in denying the motion for continuance is thereby rendered moot. The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

{¶ 3} In 2001, Ray suffered injuries as a result of a slip and fall accident at the Ramada Inn North ("Ramada"). Ray filed suit against Ramada. Summary judgment was rendered against him on his claim. Ray appealed. We reversed the summary judgment and remanded the cause for further proceedings. *Ray v. Ramada Inn N.,* 171 Ohio App.3d 1, 2007-Ohio-1341, 869 N.E.2d 95.

{¶ 4} On remand, the matter was set for trial to begin on June 16, 2008. On May 1, 2008, Ray filed a motion to continue the trial date. In his motion, he noted that his treating physician was under a medical-license suspension, and was not eligible for reinstatement until December 2008.[1] Ramada filed a memorandum in opposition to the motion to continue. Thereafter, on June 6, 2008, Ray filed a motion for a ruling on the admissibility of the testimony of James P. Moore, M.D. Ramada filed an opposing memorandum in which it argued that Moore could not testify as an expert due to his license suspension.

---

1. Moore was convicted of false statements relating to health-care matters, in violation of Section 1035, Title 18, U.S.Code. As a result, his license to practice medicine was suspended for two years.

{¶ 5} The trial court acknowledged that at the time of treatment, Moore was "fully licensed to practice medicine in the State of Ohio." The trial court then noted that "Ohio courts have not specifically addressed the issue of whether a doctor with a suspended medical license may testify as an expert." However, the trial court went on to conclude that "by analogy to [R.C.] 2743.43, Moore is disqualified from testifying as an expert while his medical license is suspended." The trial court also denied Ray's motion for a continuance of the trial to allow him time to find another expert.

{¶ 6} Following these decisions, the parties stipulated that a directed verdict would be entered against Ray, based upon his inability to provide expert testimony concerning the cause and extent of his injuries, with the understanding that Ray would appeal. Judgment for Ramada was rendered accordingly. From the judgment rendered against him, Ray appeals.

## II

{¶ 7} Ray's first assignment of error states as follows:

{¶ 8} "The trial court erred by failing to permit Dr. Moore to testify."

{¶ 9} Ray contends that the trial court abused its discretion by disqualifying his expert witness.

{¶ 10} As the trial court noted, there is no statutory law, or case law, directly addressing this issue. The trial court relied upon R.C. 2743.43, by analogy, as the basis for its conclusion that Moore was not competent to testify. That statute provides that "[n]o person shall be deemed competent to give expert testimony on liability issues in a medical claim * * * unless: (1) [s]uch person is licensed to practice medicine * * * by the state medical board or by the licensing authority of any state." As noted by both Ramada and Ray, this statute applies to cases involving medical-malpractice claims and does not purport to apply to cases involving the proximate causes and the extent of physical injuries, but not involving medical malpractice.

{¶ 11} The statutory requirement for a current medical license on the part of expert witnesses testifying concerning liability in a medical-malpractice case makes sense, considering that the issue is whether the defendant health-care practitioner met the standard of care. To offer an opinion concerning whether the diagnosis or treatment of the practitioner satisfied the standard of professional care requires familiarity with the current standard of care, and it makes sense, in this context, to require that the witness have a current license to practice. The same consideration is not present, at least to the same extent, in a case involving the proximate causes of, and the extent of, personal injuries. Being up to date on the latest methods and standards of care is not as essential in

evaluating what caused a physical injury, or in evaluating the extent of that injury.

{¶ 12} This court has addressed the issue of an unlicensed physician's competence to testify, albeit in the setting of a criminal case. See *State v. Snodgrass,* 177 Ohio App.3d 556, 2008-Ohio-4019, 895 N.E.2d 259, wherein we held that a trial court did not abuse its discretion by denying a motion to strike "the medical opinion testimony of a physician whose medical license had been suspended for six months." Id. The physician-witness in *Snodgrass* had been properly licensed at the time he treated the victim of the assault committed by the defendant, Snodgrass. Id. at ¶ 3. Our opinion relied upon Evid.R. 702, which states that a witness may be qualified to testify as an expert based upon his or her " 'specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony.' " Id. at ¶ 9. We noted that " '[a] witness need not have a special certification or license in order to qualify as an expert so long as the knowledge the witness imparts will aid the trier-of-fact in understanding the evidence or determining a fact in issue.' " Id. at ¶ 10, quoting *State v. Gray* (June 30, 2000), Greene App. No. 99–CA–103, 2000 WL 873194. Although *Snodgrass* is a criminal case, we see no reason to distinguish this case because it is a civil case. If the fact that a testifying physician's medical license is suspended at the time of his testimony at trial does not cast sufficient doubt upon its reliability to preclude its admission in a criminal trial, we see no reason to employ a higher sensitivity to a similar doubt concerning its reliability in a civil trial. As counsel for both parties agreed in oral argument, the fact of Moore's suspended license to practice medicine is a fact that could, and certainly would, be brought up in his cross-examination at trial, should he be permitted to testify.

{¶ 13} Generally, "determinations of expert witness qualifications to testify are within the discretion of the trial court." *State v. Awkal* (1996), 76 Ohio St.3d 324, 331, 667 N.E.2d 960. In this case, we conclude that the trial court erred as a matter of law by failing to exercise discretion when it determined that Moore was disqualified, solely by reason of the suspension of his medical license, from testifying as an expert witness. This opinion shall not be construed as mandating the admission of Moore's testimony, since the record before us does not set forth his qualifications, and, in any event, the trial court has some discretion to determine whether Moore's testimony has enough threshold reliability to permit its being offered in evidence. The fact that Moore's license suspension appears unrelated to his knowledge of, or expertise in, the field of medicine is a factor weighing against the exclusion of his testimony.

{¶ 14} As an aside, we note that Ramada points out that Moore is a felon with a "financial stake in the outcome of [Ray's] trial [as Ray] still has not paid Moore's bill." This information, along with the fact of the license suspension,

while relevant to the issue of Moore's credibility and the weight to be given his opinion testimony does not disqualify him as a witness; otherwise, all treating physicians whose bills have not yet been paid in full would be ineligible to testify as expert witnesses on behalf of their patients.

{¶ 15} Ray's first assignment of error is sustained.

## III

{¶ 16} Ray's second assignment of error is as follows:

{¶ 17} "In the alternative, the trial court erred by failing to grant appellant a continuance."

{¶ 18} Ray contends that the trial court abused its discretion by denying his request to continue the trial. He contends that he was prejudiced thereby because the ruling essentially deprived him of the opportunity to obtain expert testimony from an alternate source.

{¶ 19} We conclude that this issue has been rendered moot by our disposition of the first assignment of error. Accordingly, the second assignment of error is overruled as moot.

## IV

{¶ 20} Ray's first assignment of error being sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DONOVAN, P.J., and BROGAN, J., concur.