[Cite as *Hernandez v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-8581.]

| | |
|---|---|
| WILLIAM HERNANDEZ | Case No. 2016-00150 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Sophia Chang |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |
| Defendant | |

{¶1} On September 12, 2016, defendant filed a motion for summary judgment. On September 29, 2016, plaintiff filed a memorandum contra. Defendant filed a motion for leave to reply to plaintiff's memorandum contra as well as its reply on October 4, 2016. Plaintiff filed a motion for leave to reply to defendant's reply along with his reply on October 17, 2016. Upon review, both motions for leave are GRANTED. The motion for summary judgment is now before the court pursuant to for a non-oral hearing pursuant to Civ.R. 56 and L.C.C.R. 4.

{¶2} As a preliminary matter, plaintiff filed a motion to compel and a motion for an extension of time to extend discovery and dispositive motion deadlines on August 15, 2016. In his motion to compel, plaintiff states that he was unable to review his medical records prior to the expert deadline disclosure date and seeks the court to order defendant to provide copies of his medical records from May 15, 2015 to the present. Similarly, plaintiff's motion for an extension of time states that he was not able to review or obtain his medical records prior to the discovery and dispositive motion deadlines. Defendant did not file a response to either of plaintiff's motions.

{¶3} "R.C. 5120.21(C)(2) places limitations on an inmate's access to medical records." *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-187, 2009-Ohio-4386, ¶ 8. "R.C. 5120.21(C)(2) states that the inmate's medical records

shall be available for review on two conditions. One is that the inmate make a signed written request for the records, and the other is that his request be accompanied by a written request of an attorney or physician designated by the inmate." *Goings v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 90AP-1041, 1991 Ohio App. LEXIS 2527 (May 28, 1991). There is no indication that plaintiff has made a written request for his medical records accompanied by a written request of an attorney or physician. Therefore, plaintiff is not entitled to a copy of his medical records. Furthermore, plaintiff's motion to compel is not accompanied by a statement reciting any efforts made to resolve the matter with counsel for defendant as required under Civ.R. 37(E). Civ.R. 37(E) states that before filing a motion to compel, the party "shall make a reasonable effort to resolve the matter through discussion with the attorney * * * from whom discovery is sought. The motion shall be accompanied by a statement reciting the efforts made to resolve the matter in accordance with this section." *See also Dean v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 97 API12-1614 (Sept. 24, 1998). Accordingly, plaintiff's motion to compel and motion for an extension of time are DENIED.

{¶4} With regard to defendant's motion for summary judgment, Civ.R. 56(C) states, in part, as follows:

{¶5} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶6} According to the complaint, plaintiff is an inmate in the custody and control of defendant at Grafton Correctional Institution (GCI). Plaintiff alleges that on May 4, 2015, plaintiff fell in the GCI gym and received a minor abrasion to his left knee. Plaintiff further states that he sought medical assistance two weeks later when his knee began to swell and he began exhibiting additional symptoms, including fever, nausea, and body aches. After several appointments with GCI medical staff, plaintiff was taken to Elyria Memorial Hospital on or about May 22, 2015 and treated for a MRSA infection. As part of his treatment, plaintiff had surgery to remove infected tissue from his left knee, which resulted in scarring and additional pain. Plaintiff claims that the delay and failure to properly treat his injury constitutes medical negligence for which he is entitled to recover damages.

{¶7} Based on these facts, there is no doubt that plaintiff's claim arises out of medical care, diagnosis, or treatment and that knowledge and skill superior to that of an ordinary person is necessary to properly treat and diagnose plaintiff's injuries. Accordingly, plaintiff has stated a claim for medical negligence. *Sturm v. University of Cincinnati Med. Ctr.*, 137 Ohio App.3d 557, 562 (10th Dist.2000).

{¶8} "In order to support a cause of action for medical negligence, [plaintiff] must show the existence of an applicable standard of care within the medical community, a breach of that standard of care by the defendant, and that such breach was the proximate cause of the injury sustained." *Campbell v. Ohio State Univ.,* 10th Dist. Franklin No. 04AP-96, 2004-Ohio-6072, ¶ 10, citing *Bruni v. Tatsumi,* 46 Ohio St.2d 127, 131 (1976); *see also Gordon v. Ohio State Univ.,* 10th Dist. Franklin No. 10AP-1058, 2011-Ohio-5057, ¶ 67 ("The *Bruni* standard applies to an inmate's claim for medical malpractice."). "Expert testimony is required to establish the standard of care

and to demonstrate the defendant's alleged failure to conform to that standard." *Reeves v. Healy,* 192 Ohio App.3d 769, 2011-Ohio-1487, ¶ 38 (10th Dist.), citing *Bruni* at 130-131.

{¶9} "The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. *Dresher v. Burt,* 75 Ohio St. 3d 280, 293 (1996). The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims." *Schooley v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 05AP-823, 2006-Ohio-2072, ¶ 9; *see Johnson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 06AP-196, 2006-Ohio-6432, ¶ 19.

{¶10} Defendant argues that plaintiff cannot prove his claim of medical negligence because he has failed to produce expert testimony to address the standard of care and proximate cause issues. In support of its motion, defendant provides an affidavit from counsel averring that plaintiff did not provide it with names of expert witnesses or a copy of their reports prior to the disclosure date ordered by the court. The affidavit also states that plaintiff failed to respond to defendant's requests for admissions within 28 days of service. Defendant's request sought admissions that plaintiff does not have an expert witness to testify on his behalf and that he did not send a copy of a report from any expert witness by the disclosure deadline.

{¶11} In response, plaintiff states that he responded to the requests for admission on August 12, 2016. He provides a copy of his response which denies not having a doctor or an expert witness to testify on his behalf, but admits that he did not send a copy of a report from an expert witness prior to the deadline established by the court.

{¶12} Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶13} Plaintiff has failed to provide any evidence to refute the evidence presented by defendant that creates a genuine issue of material fact in this case. Although plaintiff refuses to admit that he does not have a doctor or an expert witness to testify on his behalf regarding defendant's breach of the standard of care, there is no dispute that plaintiff failed to provide counsel for defendant with the names of any expert witnesses or a copy of their reports by the deadline established by the court. *See* L.C.C.R. 7(E). Therefore, it must be concluded that plaintiff cannot prevail on his claim of medical negligence.

{¶14} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

cc:

William Hernandez, #A532-205
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, Ohio 44044

Jeanna V. Jacobus
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed December 5, 2016**
**Sent to S.C. Reporter 1/17/17**