**[Cite as *State v. Snodgrass*, 2024-Ohio-2830.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-62 |
| | : | |
| v. | : | Trial Court Case Nos. 06-CR-1043; 06-CR-1342 |
| | : | |
| MARWAN SNODGRASS | : | |
| | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on July 26, 2024

. . . . . . . . . . .

MARWAN SNODGRASS, Pro Se Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Marwan Snodgrass appeals from two judgments of the Clark County Court of Common Pleas, which overruled his postconviction motions to void his conviction and to issue a single judgment entry in compliance with Crim.R. 32(C).

For the following reasons, we will affirm the judgments of the trial court.

### I.    Procedural History

{¶ 2} On September 11, 2006, Snodgrass was indicted in Clark C.P. No. 06-CR-1043 on one count of having weapons while under disability, a felony of the third degree ("Count One"); one count of assault of a peace officer, a felony of the fourth degree with a one-year firearm specification (Officer Fredendall) ("Count Two"); one count of assault of a peace officer, a felony of the fourth degree with a one-year firearm specification (Officer Ivory) ("Count Three"), one count of carrying a concealed weapon, a felony of the fourth degree ("Count Four"); and one count of trafficking in drugs, a felony of the fifth degree with a three-year firearm specification ("Count Five").

{¶ 3} On November 13, 2006, Snodgrass was indicted in Clark C.P. No. 06-CR-1342 on one count of felonious assault of a peace officer (Officer Ivory), a felony of the first degree.   The charge in Case No. 06-CR-1342 involved the same conduct that formed the basis for Count Three in Case No. 06-CR-1043 but elevated the offense to a felonious assault.

{¶ 4} The indictments in the two cases arose out of the same set of facts and circumstances, and the cases were consolidated for trial.   Prior to trial, the State dismissed the assault charge in Case No. 06-CR-1043 in order to proceed with the more serious felonious assault charge in Case No. 06-CR-1342.   Additionally, Snodgrass entered a no contest plea to having weapons under disability (Count One) in Case No. 06-CR-1043, and he was found guilty of that offense by the court.

{¶ 5} Following a jury trial, Snodgrass was convicted in Case No. 06-CR-1043 of

assault of a peace officer (Count Two) and carrying a concealed weapon (Count Four). The jury found Snodgrass not guilty of another count of assault on a peace office (Count Five). Because Count Three in Case No. 06-CR-1043 had been dismissed and the single felonious assault charge in Case No. 06-CR-1342 was designed to supersede it, the jury was instructed that "count three" at trial was the single indicted charge in Case No. 06-CR-1342: felonious assault of Officer Ivory. The jury found Snodgrass guilty of that charge.

{¶ 6} In Case No. 06-CR-1043, Snodgrass was sentenced to prison terms of 5 years on Count One, 18 months on Count Two, and 18 months on Count Four. Snodgrass was also ordered to serve a mandatory prison term of one year for a firearm specification prior to and consecutive to the other prison terms. All the prison terms were to run consecutively, for a total of 9 years. The judgment entry for Case No. 06-CR-1043, filed on July 25, 2007, identified that Count Three was dismissed and that Snodgrass was found not guilty on Count Five.

{¶ 7} In Case No. 06-CR-1342, Snodgrass was sentenced to a prison term of 10 years, to be served consecutively to the sentence imposed in Case No. 06-CR-1043. The trial court issued a separate judgment entry for Case No. 06 CR 1342 on July 25, 2007.

{¶ 8} Snodgrass filed a direct appeal raising a single assignment of error related to the testimony of a physician whose medical license had been suspended after his treatment of Officer Ivory but prior to his testimony at trial. We rejected Snodgrass's assignment of error and affirmed the judgments of the trial court. *State v. Snodgrass*,

2008-Ohio-4019 (2d Dist.). The Ohio Supreme Court declined to accept jurisdiction on his discretionary appeal. *State v. Snodgrass*, 2008-Ohio-6813 (Table). We denied Snodgrass's App.R. 26(B) application for reopening his appeal on December 12, 2008. The Ohio Supreme Court declined to accept jurisdiction of Snodgrass's appeal challenging our denial of his App.R. 26(B) application. *State v. Snodgrass*, 2009-Ohio-614 (Table).

{¶ 9} Snodgrass filed a petition for federal habeas corpus, which was dismissed. *Snodgrass v. Brunsman*, 2011 WL 5554048 (S.D. Ohio Nov. 15, 2011).

{¶ 10} In March 2015, Snodgrass filed a motion for resentencing in which he argued that the trial court had failed to comply with R.C. 2929.14(E)(4) when it imposed consecutive sentences. The trial court denied his motion, and we affirmed the trial court's decision. *State v. Snodgrass*, 2015-Ohio-5304 (2d Dist.). We denied Snodgrass's application for reconsideration on March 2, 2016. The Ohio Supreme Court declined to accept jurisdiction. *State v. Snodgrass*, 2016-Ohio-4606 (Table).

{¶ 11} On October 6, 2023, Snodgrass filed a motion in each of his cases titled "MOTION TO VOID VERDICT; ISSUE SENTENCING ENTRY COMPLAINT (sic) WITH R.C. § 2505.02; CRIM. RULE. 32(C)." In his duplicate motions, Snodgrass requested that the trial court void Count Three of Case No. 06-CR-1043, which had been dismissed prior to trial. He further requested that the trial court vacate the charge of felonious assault in Case No. 06-CR-1342 because there was never a verdict returned on that charge and the judgment entry was not compliant with Crim.R. 32(C) and *State v. Baker*, 2008-Ohio-3330.

{¶ 12} The State did not file a response to Snodgrass's motions. On October 17, 2023, the trial court issued an entry in each of the cases sustaining Snodgrass's motions as they related to the vacation of Count Three in Case No. 06-CR-1043. The trial court acknowledged that this count had been dismissed prior to trial, which was reflected in the judgment entry of conviction for Case No. 06-CR-1043. However, the trial court overruled Snodgrass's motions as they related to the superseding felonious assault charge in Case No. 06-CR-1342. The trial court explained that the felonious assault charge in Case No. 06-CR-1342 had replaced the dismissed Count Three in Case No. 06-CR-1043, which made for "a more clear and sequential presentation to the jury at trial." Furthermore, the jury had properly convicted Snodgrass of felonious assault as reflected in the jury verdict form and in the judgment entry of sentencing.

{¶ 13} Snodgrass timely appealed and now raises two assignments of error for our review.

## II.     Felonious Assault Conviction

{¶ 14} In his first assignment of error, Snodgrass argues that the trial court failed to void the felonious assault charge in Case No. 06-CR-1342. First, Snodgrass claims that the trial court erred by renumbering count one in Case No. 06-CR-1342 as count three in the jury verdict form when Count Three in Case No. 06-CR-1043 was dismissed. In light of this discrepancy, Snodgrass contends he was never properly convicted of felonious assault of a peace officer and his conviction is void. Second, Snodgrass argues that he was prejudiced because it is not clear that the jury convicted him of felonious assault as charged in Case No. 06-CR-1342 rather than the lesser charge of

assault as originally charged in Count Three of the indictment in Case No. 06-CR-1043. The State responds that Snodgrass's argument is precluded by res judicata because he could have raised these issues in his direct appeal.

## A. Res Judicata

{¶ 15} Snodgrass's ability to collaterally attack his convictions depends on whether the convictions were void or merely voidable. If the judgments were voidable, then the errors should have been challenged on direct appeal, and the principles of res judicata apply. *State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 12. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). On the other hand, if the judgments were void, then res judicata does not apply, and the judgments may be reviewed at any time, on direct appeal or by collateral attack. *State v. Parson*, 2012-Ohio-730, ¶ 8 (2d Dist.), citing *State v. Fischer*, 2010-Ohio-6238, ¶ 8.

{¶ 16} "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *State v. Henderson*, 2020-Ohio-4784, ¶ 34. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." (Citation omitted.) *Corder v. Ohio Edison Co.*, 2020-

Ohio-5220, ¶ 14. "It is the court's power to hear a case and render a sentence." *Henderson* at ¶ 35*, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998). "The court of common pleas has original jurisdiction over crimes and offenses committed by an adult[.]" *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 13, citing Ohio Const., art. IV, § 4(B) and R.C. 2931.03. This includes subject-matter jurisdiction over felony cases such as Snodgrass's. *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8.

{¶ 17} "Personal jurisdiction refers to the court's power to render a valid judgment against a particular individual. In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927). "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id.*, citing *Tari* at 491.

{¶ 18} Here, the trial court had both subject-matter jurisdiction and personal jurisdiction over Snodgrass to find him guilty of and sentence him for felonious assault of a peace officer, a felony of the first degree. Even if the trial court erred in renumbering the counts at trial, any error the trial court made would have occurred during the exercise of its subject-matter jurisdiction, rendering Snodgrass's sentence voidable, not void, and therefore subject to the doctrine of res judicata.

### B. Jurisdiction

{¶ 19} The Ohio Supreme Court has expressly stated that "[s]ubject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law and, once conferred, it remains." *Pratts*, 2004-Ohio-1980, at ¶ 34. Nevertheless,

Snodgrass contends that due to the flaw in the verdict form, the trial court lost jurisdiction, preventing the application of res judicata. We do not agree.

{¶ 20} In support of his argument, Snodgrass primarily relies on *Woodford v. State*, 1 Ohio St. 427 (1853), for the proposition that a discrepancy between the numbering in the indictment and the numbering on the verdict forms can deprive a court of jurisdiction. *Woodford* does not support Snodgrass's contentions.

{¶ 21} Woodford was charged with various felony offenses in a ten-count indictment. *Id.* at 429. Prior to trial, the clerk placed on the margin of the indictment the number for each count in numerical order but, for whatever reason, started with the second count instead of the first. This resulted in count two being labeled count one, and so forth, with the tenth count labeled as count nine. The jury returned a verdict finding the defendant guilty of counts seven and eight and not guilty of the other counts. Due to the clerk's change in numbering, counts seven and eight to the jury were actually counts eight and nine as originally charged in the indictment. At sentencing, rather than sentencing Woodford on counts eight and nine of the indictment, the offenses of which the jury had convicted Woodford, the trial court sentenced him on counts seven and eight of the originally numbered indictment, and it imposed consecutive sentences. *Id.* at 429-430.

{¶ 22} Notably, the Supreme Court found nothing wrong with the mislabeling of the counts because it was only necessary that the jury point out with certainty the charges of which they had found the defendant guilty. According to the Court, "[i]t was perfectly clear, both from the record itself and from the affidavits of the jurors, that the jury found

the defendant guilty on the seventh and eighth counts as numbered on the indictment, which were the eighth and ninth counts of the indictment; and these were the only counts on which the defendant could be sentenced[.]" *Id.* at 430. The discrepancy in numbering, however, had caused the court to sentence Woodford for an offense of which the jury did not convict him. Because it was error for Woodford to be sentenced on count seven of the originally numbered indictment, and the sentences were not severable from one another, the Court reversed and remanded the case.

{¶ 23} The type of error that occurred in *Woodford* simply did not occur in this case. Here, the verdict form for count three stated that the jury found the defendant guilty of the "offense of *felonious assault* on Joe Ivory, a peace officer." (Emphasis added.) There is no confusion that the jury convicted Snodgrass of felonious assault of a peace officer and not assault of a peace officer. Although the count was renumbered, it was perfectly clear that the jury convicted Snodgrass of felonious assault of a peace officer and that the trial court sentenced Snodgrass for that offense. Thus, it cannot be said that Snodgrass was convicted of an offense for which he had not been indicted or that had been dismissed. The relabeling of the counts for the verdict forms did not affect the trial court's subject matter jurisdiction. *State v. Lawrence*, 2016-Ohio-7626, ¶ 14 (2d Dist.) ("We find no support for the proposition that a defect in a jury verdict form affects a trial court's subject-matter jurisdiction."). At most, the relabeling could have constituted a possible procedural error, which Snodgrass would have had to raise in his direct appeal. Therefore, Snodgrass's argument is precluded by res judicata.

{¶ 24} Other Ohio courts have similarly concluded that res judicata bars

postconviction arguments claiming a conviction or sentence is void when a trial court renumbers counts in an indictment on the jury verdict forms. *State v. Moore*, 2012-Ohio-2935 (8th Dist.) (a postconviction motion alleging that renumbering charges in the jury verdict forms was error was barred by the doctrine of res judicata); *State v. Taylor*, 2018-Ohio-2394 (9th Dist.) (an alleged error in a verdict form involving renumbered counts must be raised on direct appeal or is precluded by res judicata); *State v. Sands*, 2020-Ohio-5472, ¶ 11 (11th Dist.) (appellant's postconviction argument alleging that his conviction or sentence was void or that the trial court was deprived of jurisdiction when counts in an indictment were renumbered in a jury verdict form was precluded by res judicata). Accordingly, the trial court did not err in denying Snodgrass's motions.

**{¶ 25}** Snodgrass's first assignment of error is overruled.

### III. Crim.R. 32(C)

**{¶ 26}** In his second assignment of error, Snodgrass argues that his sentencing entries were not final appealable orders under Crim.R. 32(C). According to Snodgrass, the trial court never disposed of the count in Case No. 06-CR-1342, rendering it not final, and furthermore, there were two separate judgment entries resulting from a single trial, which violated the "one document rule" established in *Baker*, 2008-Ohio-3330. We do not agree.

**{¶ 27}** "[T]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *State v. Lester*, 2011-Ohio-5204, ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127 (1977) and App.R. 4(A). A judgment of conviction must contain the

following to be a final order: "(1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at paragraph one of the syllabus, citing Crim.R. 32(C). In criminal cases, "[a] judgment of conviction qualifies as a final order under R.C. 2505.02(B)." *State v. Jackson*, 2017-Ohio-7469, ¶ 11, citing *Baker* at ¶ 9. "[A]ll counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order." *State v. Craig*, 2020-Ohio-455, ¶ 15.

{¶ 28} In this case, all counts were accounted for in each of Snodgrass's judgment entries. The record reflects that in Case No. 06-CR-1043, a five-count indictment, Snodgrass entered a no contest plea to Count One and was found guilty of that charge by the court. The jury found Snodgrass not guilty of Count Five and guilty of Counts Two and Four. At the State's request, the trial court dismissed Count Three prior to trial. The "dismissal of a count in an indictment resolves that count and does not prevent a judgment of conviction from being final and appealable." *Jackson* at ¶ 1. The judgment entry, therefore, correctly reflected that Snodgrass was convicted on Counts One, Two, and Four, Count Three was dismissed, and he was found not guilty on Count Five. Because all the counts in the indictment were accounted for and the entry satisfied the substantive requirements of Crim.R. 32(C), the judgment entry of conviction in Case No. 06-CR-1043 was a final appealable order.

{¶ 29} In Case No. 06-CR-1342, a separate and distinct single-count indictment, Snodgrass was convicted by the jury of one count of felonious assault of a peace officer. As stated above, the verdict form, which was signed by all 12 jurors, found Snodgrass

guilty of "felonious assault on Joe Ivory, a peace officer." Although this count was labeled as count three for the jury, a valid guilty verdict was reached on that charge, which was reflected in the judgment entry. Thus, the judgment entry of conviction in Case No. 06-CR-1342 was, likewise, a final appealable order.

{¶ 30} Snodgrass further claims that his judgment entries were not final appealable orders because the court issued two separate sentencing entries even though his convictions resulted from a single trial. This, Snodgrass contends, violated the "one document rule." Snodgrass's argument is misplaced.

{¶ 31} "As a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *State v. Thompson*, 2014-Ohio-4751, ¶ 39, quoting *Baker*, 2008-Ohio-3330, at ¶ 17. Thus, "if a defendant is convicted of multiple charges in a single case, the court's order must contain a sentence for each charge before the judgment on any charge is final." (Citations omitted.) *State v. Cole*, 2010-Ohio-4774, ¶ 6 (4th Dist.). While it is true that a judgment entry must satisfy the requirements of Crim.R. 32(C), there is no requirement in Crim.R. 32(C) or otherwise that requires the trial court to issue only one judgment entry when two or more cases are joined for trial. Snodgrass has not cited any legal authority to support his argument that the trial court was required to issue one judgment entry covering both of his cases. Similarly, we have not found any legal authority to support his position. The reality is that the cases that address the one document rule invariably involve factual settings in which the trial court issued multiple entries in the same case rather than multiple entries across multiple cases.

**{¶ 32}** In this case, the trial court issued a judgment entry identifying each of Snodgrass's convictions and sentences for each of his two cases, i.e. one judgment entry for Case No. 06-CR-1342 and a separate judgment entry for Case No. 06-CR-1043. Both entries included the fact that Snodgrass was convicted, the sentence for each offense for which he was convicted, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. Thus, each of the judgment entries complied with the substantive requirements of Crim.R. 32(C) and constituted a final appealable order. Accordingly, Snodgrass's second assignment of error is overruled.

## IV. Conclusion

**{¶ 33}** Having overruled both assignments of error, the judgments of the trial court will be affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and HUFFMAN, J., concur.